**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5071**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRANCE J. ADAMS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (CR-03-285-HEH)

---

Submitted:  May 19, 2006                Decided:  June 14, 2006

---

Before MICHAEL, MOTZ, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Frank W. Dunham, Jr., Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Peter S. Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Terrance J. Adams was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000) and sentenced to 120 months in prison and three years of supervised release. On appeal, we affirmed Adams's conviction, vacated his sentence, and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). On remand, the district court sentenced Adams to 115 months in prison and three years of supervised release. Adams contends the district court erred by applying a four-level enhancement for use of the firearm in connection with another felony offense and that his sentence was unreasonable. We affirm.

In the presentence report, the probation officer applied a base offense level of twenty for possession of the firearm after having been convicted of a controlled substance offense under U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(a)(4) (2003); added four levels for use of the firearm in connection with another felony offense under USSG § 2K2.1(b)(5); added two levels for obstruction of justice under USSG § 3C1.1; and computed a criminal history category IV. With his offense level of twenty-six, Adams's advisory guideline range was 92 to 115 months in prison. However, the probation officer noted the district court might want to consider an upward departure under USSG § 4A1.3, because a number of Adams's prior convictions were not assigned criminal history

points even though they resulted from violent behavior or were drug-related.

The Government moved for an upward departure based on the inadequacy of the four-level enhancement under § 2K2.1(b)(5) in reflecting Adams's conduct and his under-represented criminal history. Adams objected to the four-level enhancement and opposed the upward departure motion. The district court found that Adams used the firearm he was convicted of possessing to commit a felonious assault on Alfred Harris and overruled Adams's objection. Adams contended the guidelines adequately took his criminal history into account, and a 92 to 115 month guideline range was sufficient. The district court found Adams's criminal history category substantially under-represented the seriousness of his criminal history and likelihood of repeated criminal conduct and granted an upward departure to category V, resulting in an advisory guideline range of 110 to 135 months.

While the Government argued a sentence at the statutory maximum of 120 months was appropriate, Adams requested a sentence at the low end of the guidelines range based on progress he made in rehabilitation since his first sentencing hearing. The district court explained that based on Adams's persistent criminal conduct, an appropriate sentence would be "near the top" of the sentencing range. However, the court gave Adams some credit for his improved attitude and sentenced him to 115 months in prison.

While Adams concedes he possessed the firearm and assaulted Harris, he contends the district court erred in finding he used the firearm to facilitate the assault and in enhancing his sentence four levels. We disagree.

We review a district court's factual findings at sentencing for clear error and its legal conclusions de novo. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989). The enhancement is appropriate when "the defendant used or possessed" the firearm "in connection with another felony offense." USSG § 2K2.1(b)(5). A weapon is used or possessed in connection with another offense if the weapon facilitates or has a tendency to facilitate the other offense. United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003).

Harris testified that Adams hit him in the head with a hard object; the blow caused him to fall down; and after he fell, he heard a "boom." One or more officers testified they heard a gunshot; they observed Harris bleeding from a laceration to his head; Harris showed them a bullet hole in the floor of his doorway; they observed Adams alone in the car that was seen leaving the scene of the wounding; and when the car was stopped, the firearm was discovered with one spent round. Adams testified he also heard a gunshot, but he did not fire the gun. Instead, he claimed he hit Harris with a CD. Based upon the evidence presented, we conclude the district court did not err in finding Harris used the firearm

- 4 -

to assault Harris or in concluding that the firearm facilitated the assault.

Adams contends his sentence was unreasonable because the district court failed to adequately explain its reasons for his sentence; failed to consider all relevant factors under 18 U.S.C. § 3553(a) (2000) "in a specific, particularized, and individualized manner"; and imposed a sentence that was far greater than necessary to accomplish sentencing goals. We conclude Adams's sentence was reasonable.

Because Adams's sentence of 115 months was within his original advisory guideline range of 92 to 115 months, it is presumptively reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006), cert. denied, __ U.S. __, 2006 WL 1057741 (U.S. May 22, 2006) (No. 05-10474). While a district court must consider the various factors in § 3553(a) and explain its sentence, it need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

"[A] district court's explanation should provide some indication (1) that the court considered the § 3553(a) factors with respect to the particular defendant; and (2) that it has also considered the potentially meritorious arguments raised by both parties about sentencing." United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006). "[I]n determining whether there has

been an adequate explanation, we do not evaluate a court's sentencing statements in a vacuum"; and "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." Id.

In sentencing Adams, the district court stated it considered both the factors under § 3553(a) and Adams's change in attitude since the prior sentencing hearing. Based on his extensive criminal history, the court determined a reasonable sentence would still be "near the top" of the sentencing range but accorded him a reduction based on his rehabilitative efforts. Moreover, the § 3553(a) factors clearly support the reasonableness of Adams's sentence. The sentence imposed not only took Adams's criminal history and the need to deter further criminal conduct into account but also reasonably reflected the nature, circumstances, and seriousness of the offense conduct. We therefore affirm the sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED